1    UNITED STATES DISTRICT COURT

2    EASTERN DISTRICT OF WASHINGTON

3

4

5   ANDRES T. RODRIGUEZ,                          No. CV-04-3092-FVS

6                  Plaintiff,

7            v.                                   ORDER

8

9   JOANNE B. BARNHART,

10                 Defendant.

11

12        **THIS MATTER** comes before the Court on cross motions for summary

13   judgment by the plaintiff, Ct. Rec. 11, and the defendant, Ct. Rec.

14   19.  Mr. Rodriguez is represented by D. James Tree.  Ms. Barnhart is

15   represented by Assistant United States Attorney Pamela J. DeRusha and

16   Special Assistant United States Attorney Carol A. Hoch.

17                        **I.    JURISDICTION**

18        Mr. Rodriguez protectively filed a Supplemental Security Income

19   ("SSI") application on July 5, 2001.  (Tr. 66.)  The plaintiff

20   alleged he had an onset date of June 1, 2000.  (Id.)  His application

21   was denied initially, Tr. 30-33, and on reconsideration, Tr. 35-37.

22   After timely requesting a hearing, the plaintiff appeared before

23   Administrative Law Judge ("ALJ") Donald Krainess on September 12,

24   2002.  (Tr. 301-331.)  The ALJ issued a decision on April 24, 2003,

25   finding the plaintiff was not disabled and denying his claim.  (Tr.

26   22-27.)  The Appeals Council denied review, making the ALJ's decision

ORDER - 1

the final decision of the Commissioner.  (Tr. 6-9.)  The instant matter is before the district court pursuant to 42 U.S.C. § 1383©).

## II.  SEQUENTIAL EVALUATION PROCESS

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a claimant shall be determined to be under a disability only if his impairments are of such severity that the claimant is not only unable to do his previous work but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).[1]

Step 1: Is the claimant engaged in substantial gainful activities?  20 C.F.R. §§ 404.1520(b), 416.920(b).  If he is,

---

[1] Certain sections of 20 C.F.R. addressing Title II and Title XVI benefits were recently amended.  68 F.R. 51153.  The amendments are applicable to administrative decisions dated on or after September 25, 2003.  68 F.R. 51159.  Accordingly, the amendments are not applicable here.  Any reference to C.F.R. sections in this opinion is pre-amendment pending publication of the amendments in April 2004.

ORDER - 2

benefits are denied.  If he is not, the decision maker proceeds to step two.

Step 2: Does the claimant have a medically severe impairment or combination of impairments?  20 C.F.R. §§ 404.1520©)), 416.920©)). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.  If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Step 4: Does the impairment prevent the claimant from performing work he has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant is able to perform his previous work, he is not disabled.  If the claimant cannot perform this work, proceed to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of his age, education and work experience? If the claimant is able to perform other work in the national economy, then he is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).

ORDER – 3

The initial burden of proof rests upon the plaintiff to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  At step five, the burden shifts to the Commissioner to show the claimant can perform other substantial gainful activity and a "significant number of jobs exist in the national economy" which claimant can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### III.   STANDARD OF REVIEW

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court cannot affirm the

Commissioner's decision simply by isolating a specific quantum of supporting evidence, *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); however, if the evidence supports more than one rational interpretation, the Court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1987).

### IV.  STATEMENT OF FACTS

The facts have been presented in the administrative transcript and will only be summarized here. At the time the ALJ issued his decision, the plaintiff was 39 years old. (Tr. 25.) He has completed eight or nine years of special education. (Id.) He is illiterate. (Id.) His past relevant work was as a driver and farm laborer. (Id.) He alleges he has been disabled since June 1, 2000, due to problems with his back. (Tr. 23.)

### V.  COMMISSIONER'S FINDINGS

At Step One, the ALJ found the plaintiff had not engaged in substantial gainful activity since he applied for benefits. (Tr. 23, 26.) At Step Two, the ALJ found the plaintiff's degenerative lumbar disease with chronic back pain was a severe impairment. (Id.) The ALJ noted the plaintiff had other impairments that presented from time to time but these conditions could not be characterized as severe. (Tr. 23.) At Step Three, the ALJ found the plaintiff's impairment did not meet or equal any of the impairments described in

ORDER - 5

the listing of impairments.  (Tr. 23, 26.)  The ALJ determined the plaintiff retained the residual functional capacity to carry ten pounds occasionally and five pounds frequently and could sit for thirty to forty minutes at a time, the equivalent of sedentary work. (Tr. 25, 27.)  Proceeding to Step Four, the ALJ found the plaintiff could not perform his past relevant work.  (Tr. 26, 27.)  At Step Five, the ALJ determined the plaintiff could perform work in the national economy. (Tr. 26, 27.)  The ALJ identified positions of semi-conductor bonder and table sorter as positions available in significant numbers that the plaintiff could perform.  (Id.)  Accordingly, the ALJ determined the plaintiff was not eligible for SSI under section 1614(a)(3)(A) of the Social Security Act.  Tr. 27;

### VI.  ISSUES

The plaintiff contends the Commissioner's findings are tainted by legal error and not supported by substantial evidence.  The plaintiff argues the Commissioner's decision was in error because:

1.  The ALJ improperly rejected the opinion of the plaintiff's treating physicians;

2.  The ALJ posed an incomplete hypothetical to the vocational expert and the vocational expert's testimony deviated from the Dictionary of Occupational Titles;

3.  The plaintiff should be found disabled pursuant to Social Security Ruling 96-8p; and

4.  The ALJ failed to fully and fairly develop the record. Ct. Rec. 12 at 9.

ORDER - 6

1    The Court must uphold the Commissioner's determination that the

2    claimant is not disabled if the Commissioner applied the proper legal

3    standards and there is substantial evidence in the record as a whole

4    to support the decision.

5                              **VII.  DISCUSSION**

6    **A.  Treating Physician Opinion**

7        The plaintiff alleges the ALJ erred by improperly rejecting the

8    opinion of Oridio Demiar, whom the plaintiff describes as his

9    treating physician.[2]  The plaintiff argues the ALJ did not provide a

10   sufficient basis for rejecting Mr. Demiar's opinion.  In order to

11   establish the existence of a medically determinable impairment, a

12   claimant must produce evidence from an "acceptable medical source."

13   20 C.F.R. § 416.913.  Acceptable medical sources include licensed

14   physicians, psychologists, optometrists, podiatrists, and qualified

15   speech language pathologists.  20 C.F.R. § 416.913(a)(1)-(5).

16       Mr. Demiar is not a licensed physician.  The record reflects he

17   is a certified physician's assistant (PA-C) (Tr. 230-242, 289).  As a

18   physician's assistant, Mr. Demiar is not an acceptable medical source

19   from whom evidence can come regarding the existence of a medically

20   determinable impairment.  Mr. Demiar can provide his opinion as to

21   the plaintiff's condition, but this opinion will be considered lay

22   testimony, rather than treating physician testimony.

23

24   _____

25       [2] Both the ALJ and the plaintiff refer to Mr. Demiar as Mr.
     Domain.  This appears to be incorrect.  Thus, their references to
26   a person named "Domain" have been construed as references to Mr.
     Demiar.

ORDER – 7

The plaintiff argues that even if Mr. Demiar is considered a lay witness, the ALJ still improperly rejected his opinion regarding the plaintiff's condition and limitations.  "Lay witness testimony to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th  Cir. 2001).  The fact that lay testimony conflicts with medical evidence is an adequate basis for disregarding lay testimony.  *Id.* (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th   Cir. 1984).

Here, Mr. Demiar opined the plaintiff's condition would cause him to miss four or more days of work each month.  (Tr. 289.)  The ALJ disregarded Mr. Demiar's opinion.  He found that "this assessment was prepared on a check-box form and there are no clinical findings or other evidence that would support this finding."  (Tr. 25.)  The ALJ did not err in rejecting Mr. Demiar's opinions.  The Court has had the opportunity to review the record as a whole, including the opinion of Mr. Demiar's supervisor, Dr. Bush.  There is nothing contained in the record to support Mr. Demiar's contention that the plaintiff's condition would cause him to miss four or more days of work per month.  The ALJ properly rejected Mr. Demiar's opinion and the plaintiff's argument does not form the proper basis for relief.

**B.  Testimony of the Vocational Expert**

The plaintiff alleges the ALJ erred because he presented incomplete hypotheticals to the vocational expert.  The plaintiff argues the ALJ did not pose hypotheticals including the full range of

his impairments and the ALJ's finding of "no disability" is not supported by substantial evidence.

It is well settled in the Ninth Circuit that hypotheticals posed to a vocational expert "set out all of the claimant's impairments." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (citations omitted). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Id.* While a claimant's counsel may also pose hypotheticals to the vocational expert, "the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel." *Martinez v. Heckler*, 807 F.2d 771,773 (9th Cir. 1986). The ALJ is "free to accept or reject these restrictions as . . . long as they are supported by substantial evidence." *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). An ALJ's "limitation of evidence in a hypothetical is objectionable only if the assumed facts could not be supported by the record." *Id.* at 756-757.

The ALJ posed two hypothetical questions to the vocational expert and the plaintiff's counsel posed one. The ALJ's hypotheticals included the plaintiff's limitations relating to his medical condition (although it wasn't mentioned in a clinical sense), educational limits, illiteracy, and postural limitations. (Tr. 323-324.) The second hypothetical included the added limitation of being able to sit for only thirty to forty minutes before getting up to move around. (Tr. 324.) Based on the hypotheticals posed by the ALJ, the vocational expert testified the plaintiff could not perform

his past relevant work, but had the capacity to perform a number of sedentary jobs in the national economy.  (Tr. 324-326.)

The plaintiff's counsel also posed questions to the vocational expert.  These included whether jobs identified by the vocational expert would accommodate an individual who needed to lay down several times during the day.  (Tr. 328.)  The vocational expert testified that the limitation posited by the plaintiff's attorney would not be accommodated in the jobs he identified.  (Id.)

The ALJ is under no duty to accept the additional limitations raised by the plaintiff's counsel during examination of the vocational expert.  *Martinez*, 807 F.2d at 773.  The ALJ did not find the plaintiff's testimony to be entirely credible and made a specific finding that "the claimant's statements concerning his impairment and its impact on his ability to work [were] not entirely credible in light of information contained in the reports and other evidence of record."  (Tr. 27.)  The ALJ's questions to the vocational expert were supported by substantial evidence in the record.  The vocational expert's responses to the ALJ's questions have evidentiary value and the ALJ did not err in relying on the vocational expert's testimony.  The plaintiff's argument in this regard does not form the proper basis for remand.

**C.  Disability under SSR 96-8p**

The plaintiff alleges the ALJ erred because he should have been found disabled pursuant to Social Security Ruling 96-8p.  SSR 96-8p relates to assessment of residual functional capacity.  It states, "RFC is an assessment of an individual's ability to do sustained

work-related physical and mental activities in a work setting on a regular and continuing basis.  A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p.  The plaintiff argues that his physical limitations, namely the need to lie down several times a day, preclude him from working a the level set forth in SSR 96-8p.  As the Court previously indicated, evidence regarding the plaintiff's need to lie down several times a day came from Mr. Demiar, a certified physician's assistant.  The ALJ did not err in rejecting the opinion of Mr. Demiar, because his conclusions were not supported by medical evidence in the record.  Furthermore, there is substantial evidence in the record to support the ALJ's conclusion that the plaintiff could work on a regular and continuing basis, with some accommodation.  The ALJ did not err in finding that the plaintiff was not disabled and the plaintiff's argument in regards to SSR 96-8p does not form the proper basis for remand.

**D.  Development of the Record**

The plaintiff alleges that the ALJ erred because he did not fully and fairly develop the record.  The plaintiff argues the ALJ should have ordered a consultative examination for an evaluation of his mental health.  A consultative examination may be necessary "when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [a] claim."  20 C.F.R. § 416.919a(b).  Other situations requiring a consultative examination arise when:

ORDER – 11

(1) The additional evidence needed is not contained in the records of [the claimant's] medical sources; (2) The evidence that may have been available from [the claimant's] treating or other medical sources cannot be obtained for reasons beyond [the claimant's] control . . .; (3) Highly technical or specialized evidence . . . is not available from [the claimant's] treating or other medical sources; (4) A conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved, [which cannot be done] by recontacting [the claimant's] medical source; or (5) There is an indication of a change in . . . condition that is likely to affect [the claimant's ability to work[.]

20 C.F.R. § 416.919a(b)(1)-(5).

Here, there is substantial evidence in the record to support the ALJ's conclusion that a consultative examination was not required. The plaintiff's treating physician, Dr. Bush, noted that the plaintiff had some anxiety, but he opined that the anxiety was situational. (Tr. 195.) Dr. Bush believed that some of the plaintiff's condition was due to his legal problems and incarceration. (Id.) The ALJ was able to make a disability determination based on the evidence contained in the record. A consultative examination was not required to make the disability determination and the plaintiff's argument does not form the proper basis for remand.

### VIII. CONCLUSION

Given the record as a whole, the Court determines there is substantial evidence in the record to support the ALJ's determination that the plaintiff is not disabled. The ALJ applied proper legal standards in reaching his decision and did not err in (a) rejecting the opinion of Mr. Demiar; (b) relying on the testimony of the vocational expert; ©) finding the plaintiff not disabled pursuant to

SSR 96-8p, or (d) refusing to order a consultative examination. Accordingly,

**IT IS HEREBY ORDERED:**

1.  Ms. Barnhart's Motion for Summary Judgment, **Ct. Rec. 19**, is **GRANTED.**

2.  Mr. Rodriguez's Motion for Summary Judgment, **Ct. Rec. 11**, is **DENIED.**

3.  **Judgment** is hereby entered for the **DEFENDANT.**

**IT IS SO ORDERED.**   The District Court Executive is hereby directed to enter this order, furnish copies to counsel and **CLOSE THE FILE.**

**DATED** this   15th   day of September, 2005.

                     s/ Fred Van Sickle
                     Fred Van Sickle
           United States District Judge

ORDER – 13